Regis O’Bbies-, J.
It appears from the papers submitted to the court, that this is an application by the petitioner, an inmate of Attica State Prison, for an order to direct the Warden to permit him to send certain correspondence 11 unrestricted and unhindered ’ ’.
The petition, verified September 27,1961, states that the petitioner was convicted (for an unstated crime) in Chautauqua County Court on December 22, 1958. It also states that ‘ ‘ on being convicted, petitioner promptly filed notice of appeal ’ ’. The status or result of such appeal is not disclosed.
The prisoner complains that “ since July 13, 1961, correspondence to sources of essential technical and legal assistance has been returned to petitioner, unmailed.”
The “ technical and legal assistance” which he seeks, he claims is necessary “ in his efforts to obtain his legal release ”.
In opposition to the granting of the application, the affidavits of Walter H. Wilkins, Warden of Attica State Prison, verified October 10, 1961, and of Frederick T. Devlin, an Assistant Attorney-G-eneral, verified October 20, 1961, were submitted.
The affidavit of the Warden answers the claims made by the petitioner.
It appears that commencing in April, 1961 the petitioner was permitted to correspond with a certain representative of a branch of the Eastman Kodak Company of Rochester, New York, in connection with some information relative to the capability of a certain camera to take a picture used on the trial at the time of his conviction. The picture was apparently a view of the petitioner and accomplice breaking open the safe involved in the crime for which they had been convicted.
In July, 1961 the court where his appeal or writ was pending, ruled that the camera involved could actually take the pictures. Thereupon, and under date of July 13, 1961, the representative of Eastman Kodak Company wrote the prisoner “ since this is the one question you wanted someone from here to determine for you, I believe this completes anything I might do to assist you in this case ”. He also wrote that in his opinion the camera could take motion pictures of a safe dial at the distance of 32 to 34 feet.
*702 The Warden also avers that the petitioner has not been permitted to send out letters to various publishers of technical magazines or to his sister, containing a request that she contact people of that description, explaining that such mail would violate the rules and regulations of the prison.
The papers thus reveal a situation which the Warden contends is a reasonable exercise of his rights and duties under the provisions of the Correction Law which hold him responsible for the management and good order of Attica State Prison. The prisoner claims to the contrary.
Under the provisions of section 112 of the Correction Law, the Commissioner of Correction is mandated to ‘1 make such rules and regulations ” as he may deem proper for the government and discipline of each prison and cause the same “ to be recorded by the warden of the prison ’ ’.
The acts of the Warden of Attica State Prison, to which the petitioner objects, relate to the enforcement of the rules and regulations adopted for the management and discipline of the prison and were not unreasonable.
The prison authorities may properly regulate and control the mail of a prisoner. (See 72 C. J. S., Prisons, § 18, subd. c, p. 873.)
In view of the circumstances, the application of the petitioner is denied.